

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2008

# Rudianto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4763

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Rudianto v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1408.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1408

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4763

BILLY RUDIANTO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(Agency No.  A96 264 014)
Immigration Judge: Charles M. Honeyman

Submitted pursuant to Third Circuit LAR 34.1(a)
March 13, 2008

Before:  FUENTES and CHAGARES, Circuit Judges, and VAN ANTWERPEN, Senior
Judge.

(Filed: March 20, 2008)

OPINION OF THE COURT

CHAGARES, Circuit Judge:

Billy Rudianto petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA). The BIA affirmed the decision of the Immigration Judge (IJ) denying Rudianto's petition for withholding of removal.[1] Because substantial evidence supports the BIA's order, we will deny the petition for review.

I.

We have jurisdiction to review the BIA's final orders of removal. 8 U.S.C. § 1252(a). Because the BIA adopted the findings of the IJ and discussed some of the bases for the IJ's decision, we review the orders of the BIA and IJ.[2] We review whether an alien has demonstrated past persecution, a likelihood of future persecution, or a likelihood of torture under the substantial evidence standard. See Wang v. Ashcroft, 368 F.3d 347, 349-50 (3d Cir. 2004); Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). Under this standard, the BIA's findings are conclusive "unless the evidence not only supports a contrary conclusion, but compels it." Abdille, 242 F.3d at 483-84.

---

[1]     Rudianto also applied for asylum and relief under the Convention Against Torture (CAT). The IJ determined that the asylum request was time-barred and denied the petition for CAT relief. Rudianto now petitions for review of these determinations. However, Rudianto did not challenge these findings below and the BIA therefore declined to address them. Consequently, we will limit our review to the withholding of removal issue.

[2]     Rudianto contends that the BIA affirmed without opinion, and therefore this Court should review the IJ's decision. The BIA, however, issued its own decision on the withholding of removal matter. See Appendix (App.) 9.

2

II.

Withholding of removal may be granted if "the alien's life or freedom would be threatened" in the country of removal "because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The alien bears the burden of proving that he will more likely than not face persecution on account of a protected ground. See INS v. Stevic, 467 U.S. 407, 429-30, 104 S. Ct. 2489, 81 L. Ed. 2d 321 (1984). If the alien can demonstrate past persecution, then that finding will raise a rebuttable presumption that the alien's "life or freedom would be threatened in the future . . . ." 8 C.F.R. § 1208.16(b)(1)(i). Past persecution requires proof of "(1) one or more incidents rising to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed either by the government or by forces that the government is either unable or unwilling to control." Mulanga v. Ashcroft, 349 F.3d 123, 132 (3d Cir. 2003). Under our cases, persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive." Fatin v. INS, 12 F.3d 1233, 1243 (3d Cir. 1993). It encompasses only grave harms such as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Id. at 1240.

III.

As we write only for the parties, our summary of the facts is brief. Billy Rudianto is a native and citizen of Indonesia. He is also a Catholic of Chinese descent. Rudianto

3

claims to have suffered persecution in Indonesia on account of his religion and ethnicity. In particular, he contends that an incident in 1998 compels findings of past persecution and a likelihood of future persecution.

Rudianto testified that in May 1998, during widespread riots in Indonesia, armed individuals wearing military uniforms entered the medical clinic at the University of Trisakti in Jakarta where Rudianto worked, put a gun to Rudianto's head, and told him to instruct other students to stop demonstrating. When Rudianto insisted that he had nothing to do with the student demonstrations, the individuals hit him in the face, necessitating medical treatment. Rudianto entered the United States almost three years later, in April 2001, and overstayed his visa.

As unfortunate as the 1998 incident was, substantial evidence supports the IJ's denial of relief. The record does not show past persecution based on Rudianto's ethnicity or religion, nor does it compel the conclusion that there is a clear probability of persecution if he returns to Indonesia. See Fatin, 12 F.3d at 1240 (defining persecution as death, confinement, torture, or severe economic restrictions inflicted for invidious reasons).

Furthermore, even assuming that the injury was severe enough to constitute persecution, Rudianto did not establish that the armed individuals were motivated by an anti-Chinese or anti-Christian animus. Rudianto indicated that he was uncertain why the

4

armed individuals took issue with him, although his testimony suggested that the clinic was known to employ graduates of the university that was involved in the riots the soldiers were attempting to stop. Rudianto failed to provide any objective evidence of a link between the 1998 episode and Rudianto's ethnicity or religion. We therefore conclude that this incident does not compel a finding of ethnic persecution.

Rudianto also argues that the BIA's decision must be reversed or remanded because the IJ did not adequately address whether a pattern or practice of persecution of Chinese Christians exists in Indonesia. We have determined that an IJ cannot hold that a petitioner failed to establish a well-founded fear of persecution without specifically addressing whether the petitioner established that a pattern or practice of persecution exists. Sukwanputra v. Gonzales, 434 F.3d 627, 637 (3d Cir. 2006). Here, however, we are reviewing the BIA's decision, and the BIA specifically stated that "there is no evidence to support [a pattern-or-practice] finding in this case." App. 9. Thus, the BIA's statement was sufficient to show that it considered this argument.

IV.

Accordingly, we will deny the petition for review.